Case No. 05-5536 (CJLL)  Year 2005

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

22

EVANS FANOR,

                Plaintiff,

-against-

OFFICER CARLOS ALVARADO individually and in his capacity as an officer with the Newark Police Department, the Newark Police Department and the city of Newark,

                Defendants.

# COMPLAINT

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

EVANS FANOR,

      Plaintiff,

-against-

OFFICER CARLOS ALVARADO Individually and in his capacity as an officer with the Newark Police Department, the Newark Police Department and the City of Newark,

      Defendants.

---

Case No. 05-5536 (JLL)

COMPLAINT

Plaintiff demands trial by jury

Plaintiff Evans Fanor alleges by and through his counsel, Michael Calabro, Esq:

## Jurisdiction

1. Plaintiff Evans Fanor brings this action against Defendants to redress the deprivation of rights secured him by the *Fourth and Fourteenth* Amendments to the United States Constitution and 42 U.S.C. §1983.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1343(a)(3), and 42 U.S.C. §1983. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the cause of action occurred in this District.

4. At all times mentioned herein Plaintiff was a resident and presently still resides at Newark, NJ in the County of Essex.

5. At all times mentioned herein, Defendant Police Officer Carlos Alvarado was employed as a police officer by defendants City of Newark and Newark Police department and in doing the things alleged in this complaint was acting within the course and scope of that employment and acting under color of State law, and at other times acting beyond the scope of his duties as a police officer.

6. At all times hereinafter mentioned, Defendant Newark Police Department employed, trained and supervised Defendant Alavarado.

7. At all times hereinafter mentioned, Defendant City of Newark was and is a municipal corporation organized and existing under the laws of the State of New Jersey and maintained, regulated and controlled Defendant Newark Police Department.

8. At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage in the State of New Jersey.

## FACTS

9. At all times relevant herein Plaintiff was employed as patient advocate at the University of Medicine and Dentistry of New Jersey (the "University") located in Newark, New Jersey.

10. Plaintiff's duties included enforcing policies in the emergency room.

11. In or about March, 2004 Defendant Alvarado appeared at Plaintiff's employment in the emergency room with a prisoner.

12. Defendant Alvarado refused to move away from the prisoner patient to allow space for the emergency room nurse to triage the patient.

13. Plaintiff was present during the nurse's requests to Defendant Alvarado to move away to allow sufficient space to triage the prisoner patient.

14. Defendant Alvarado's refusal to move away during a medical assessment resulted in the emergency room manager contacting Defendant Alvarado's superior. Defendant Alvarado became upset that he was reported to his superior. He became belligerent and approached Plaintiff in an angry and intimidating manner with his hand on his gun.

15. Defendant Alvarado demanded Plaintiff's name and when Plaintiff gave him his ID Defendant Alvarado snatched it out of Plaintiff's hand then threw it on a table.

16. A month later, Defendant Alvarado appeared a few more times at Plaintiff's work with a prisoner and would point to and look at Plaintiff, shake his head and laugh at Plaintiff in a sarcastic and belittling manner to intimidate Plaintiff.

17. On May 8, 2004 Defendant Alvarado appeared at Plaintiff's employment again. Defendant Alvarado was using his cell phone in the emergency room area.

18. Pursuant to Issue No. 831-200-098 of the Policy & Procedure Manual of the University, cellular phone usage is prohibited in patient areas.

19. Plaintiff informed Defendant Alvarado that cell phones were prohibited in that area.

20. Defendant Alvarado poked his index finger in Plaintiff's face and said "I'm sick and tired of you always trying to tell me what to do." Plaintiff told Defendant Alvarado to stop poking him in the face.

21. Defendant Alvarado responded by grabbing Plaintiff's jacket from the front, pinching Plaintiff's skin and hurting Plaintiff, causing Plaintiff to raise his voice to demand him to let go.

22. Defendant Alvarado then grabbed Plaintiff's left arm, twisted it and forcefully pushed it upwards and held Plaintiff in that position.

23. Defendant Alvarado handcuffed Plaintiff and he took off Plaintiff's tie, belt, watch and shoelaces while laughing at Plaintiff.

24. Defendant Alvarado took plaintiff to another room and then leaned into his face and told him "Shut the FUCK up Bitch." Later, as Defendant Alvarado took Plaintiff to the squad car, he gleefully said "I got you!". In response to Plaintiff informing Defendant that he would contact I.A.D. and the D.A's office, Defendant Alvarado informed "Go Fuck Yourself! they are not going to do jack shit to me, they would never take your word over mine."

25. At the Eastern District Precinct, Defendant Alvarado refused Plaintiff's requests to make a phone call or for the number to I.A.D., refused to allow Plaintiff to use the bathroom for 2 hours since his initial request and continually harassed Plaintiff while he was imprisoned by accusing him of threatening the Defendant.

26. Plaintiff was incarcerated for two and a half days at the Eastern District Police Station and then at 31 Green Street jail.

27. Plaintiff was refused a phone call, a shower, no toothbrush and no access to a social worker the whole time he was incarcerated.

28. Plaintiff was charged with terroristic threat, obstructing, resisting arrest, and disorderly conduct.

29. On August 6, 2004 Plaintiff testified in his defense before a Grand Jury.

30. On August 6, 2004 Defendant Alavarado testified against Plaintiff before a Grand Jury.

31. The Essex County Grand Jury the week ending August 30, 2004 refused to indict on the charges of terroristic threat, obstructing and resisting arrest.

32. On May 19, 2005 Plaintiff appeared for arraignment at the CJP Court on the charges of disorderly conduct.

33. On February 4, 2005 Chief Judge Shaka Taylor dismissed the charge of disorderly conduct.

34. As a direct and proximate result of the actions on the part of the Defendants, Plaintiff lost time from work, lost salary, lost his freedom for 2 ½ days, missed celebrating Mother's Day during the imprisonment, was dizzy, nauseous, was in unsanitary conditions in the cell, suffered headaches, stomachaches, feared losing his job, presently has anxiety and fears every time he sees a police officer, suffers sleeplessness, and has become withdrawn.

### Count One: §1983 False Arrest

35. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 34.

36. Defendant Alvarado arrested Plaintiff without probable cause and acted with deliberate or reckless intent to unlawfully arrest Plaintiff.

37. By reason of said unlawful arrest while Defendant acted under color of state or territorial law, Plaintiff was deprived of his federal rights to liberty and freedom.

### Count Two: §1983 False Imprisonment

38. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 37.

39. Defendant Alvarado falsely imprisoned Plaintiff by detaining him at the Newark County jail for

two and a half days.

40. Defendant Alvarado arrested Plaintiff without probable cause and acted with deliberate or reckless intent to falsely imprison Plaintiff.

41. By reason of said false imprisonment while Defendant acted under color of state or territorial law, Plaintiff was deprived of his federal rights to liberty and freedom.

### Count Three: Fourth Amendment Malicious Prosecution

42. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 41.

43. On or about May 8, 2004 Defendant Alavarado falsely and maliciously and without any reasonable or probable cause for a purpose other than bring the criminal defendant to justice, instituted a criminal proceeding by complaining against Plaintiff for the alleged crimes of terroristic threat, obstructing, resisting arrest, and disorderly conduct.

44. On or about May 8, 2004 and thereafter, Defendant Alavarado in furtherance of that complaint did falsely and maliciously and without probable cause detained, arrested and imprisoned Plaintiff and did aid in prosecuting the said complaint against Plaintiff, causing Plaintiff to be held in jail and appear before the Grand Jury of Essex County and various other courts.

45. As a result of the false complaint of Defendant Alavarado, Plaintiff was incarcerated in jail, was obliged to expend money to defend himself and to procure sureties for his release for his bail at $25,000.00, and remained at large under bail until the Grand Jury returned a "No Bill" on said false complaint brought and prosecuted by Defendant Alvarado against Plaintiff.

46. By reason of the false and malicious prosecution, Plaintiff was injured in body and mind, was prevented from following his customary pursuit in his usual occupation, has suffered greatly in his credit and reputation, and has expended large sums of money in his defense.

### Count Four: Fourth Amendment Unreasonable Force

47. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 46.

48. At the time of the arrest subject to this Complaint, Defendant Alavarado maliciously used excessive and unreasonable force by grabbing Plaintiff by his short and pinching his skin and twisting Plaintiff's arm behind his back in violation of the statutes of this state.

49. By reason of the unlawful conduct of Defendant Alavarado, Plaintiff was deprived of his personal liberty, suffered great physical pain and anguish of mind, and was greatly damaged.

50. As a proximate result of the excessive force, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental and physical.

### Count Five: §1983 Municipality Custom Violations
### Related Solely to Defendants City of Newark & Newark Police Department

51. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 50.

52. Defendants City of Newark and Newark Police Department maintained a Municipal policy or custom of "blindly" supporting any action taken by its officers and the county prosecuted any complaints filed by its officers, taking their word over that of an arrestee.
53. Defendant Alvarado made this known to Plaintiff when he abused his power of arresting Plaintiff solely upon malice and told Plaintiff "Go Fuck Yourself! they are not going to do jack shit to me, they would never take your word over mine."
54. Those practices of the Defendants, who are government entities, are so permanent and well settled as to constitute a custom or usage with the force of law.
55. Defendants are liable under respondeat superior liability under § 1983 as their custom or usage supports conduct violative of complainants' federal constitutional rights,
56. Defendants had contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances.
57. Defendants failed to train, discipline or control its personnel and that is a basis for § 1983 respondeat superior liability.
58. Defendants actions or inactions communicates a message of approval to the offending subordinate, Defendant Alavarado.
59. By reason of Defendants practices related herein, Plaintiff was injured in body and mind, was prevented from following his customary pursuit in his usual occupation, has suffered greatly in his credit and reputation, and has expended large sums of money in his defense.

### Count Six: Punitive Damages

60. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 59.
61. Defendant Alvarado's conduct in arresting Plaintiff at his workplace and his continued acts of physical and verbal abuse of Plaintiff during the arrest and prosecuting an unlawful arrest when Defendant had no basis except his personal malice towards Plaintiff was an extreme abuse of his authority and was extreme and outrageous conduct intentionally causing severe emotional distress to Plaintiff for which Defendant Alavarado is individually liable.
62. The intentional verbal and physical abuse and malicious arrest and prosecution of Plaintiff was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.
63. Defendants', City of Newark and Newark Police Department, failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and award the following amounts:
   a. One Million Dollars compensatory damages in favor of Plaintiff;
   b. One Million Dollars exemplary damages in favor of Plaintiff;

c. Costs of this action,
d. Including reasonable attorney fees to the plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. 1988 (1976); and
e. Such other and further relief as the court may deem appropriate.

Dated: Newark, New Jersey
      November 22, 2005

Evans Fanor
156 IVY ST.
Newark, New Jersey 07106
866-208-6365